UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| STEVEN TRAIL | Plaintiff, | Civil No. 20-1153 (JRT/KMM) |
| v. | | |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |
| KEVIN KANE | Plaintiff, | Civil No. 20-1157 (JRT/KMM) |
| v. | | |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |
| ROBERT TAYLOR | Plaintiff, | Civil No. 20-1161 (JRT/KMM) |
| v. | | |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |
| JEFF HALL | Plaintiff, | Civil No. 20-1166 (JRT/KMM) |
| v. | | |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |

| | | |
|---|---|---|
| | Defendants. | |
| VINCENT GONZALES | | |
| | Plaintiff, | Civil No. 20-1171 (JRT/KMM) |
| v. | | |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |
| ANTHONY SKAALERUD | | |
| | Plaintiff, | Civil No. 20-1175 (JRT/KMM) |
| v. | | |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |

**MEMORANDUM OPINION AND ORDER GRANTING OMNIBUS MOTION FOR REMAND**

Daniel E. Gustafson, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for plaintiffs

Benjamin W. Hulse, **BLACKWELL BURKE PA,** 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415 for defendant 3M; and Faris A. Rashid, **GREENE ESPEL PLLP**, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402, for defendant Aearo.

Plaintiffs Trail, Kane, Taylor, Hall, Gonzales, and Skaalerud each purchased commercially available Combat Arms Earplugs, Version 2 ("CAEv2"), designed and manufactured by Defendant 3M Company ("3M"). Each alleges that he did not receive

-2-

instructions on how to properly wear the earplugs and, as a result, that he suffers hearing loss and developed tinnitus.

Plaintiffs filed their actions in Minnesota state court, each alleging a single claim of product liability: failure to warn. 3M removed these cases to federal court, asserting the federal government contractor defense, and Plaintiffs have moved to remand. The parties agreed that the Court's recent opinion in *Graves v. 3M Co.*, No. 19-3094 (JRT/KMM), 2020 WL 1333135, at *6 (D. Minn. Mar. 23, 2020) is controlling here. The question before the Court is whether the factual allegations in these Complaints materially differ from the allegations in *Graves* so as to compel a different result.

Because Plaintiffs' allegations do not transform a failure-to-warn claim into a defective-design claim, there is no daylight between these Complaints and the allegations in *Graves*. Accordingly, for the same reasons outlined in *Graves*, 3M cannot demonstrate a "colorable" federal-contractor defense, even under a liberal construction of that defense, because it cannot show that "the Government made me do it." Accordingly, the Court will grant Plaintiffs' Omnibus Motion to Remand.

## BACKGROUND

### I.   PLAINTIFFS

Steven Trail used 3M's Combat Arms earplugs in 2004 and 2005 while employed as a firefighter with the company WagonHut. (ECF 20-1153, Compl., May 13, 2020, Docket No. 2-1, at 5.) Trail alleges that he received no warning to fold back the third

flange of the earplug, and as a result now suffers from tinnitus and hearing loss. (*Id.* at 5–6.)

Kevin Kane was a helicopter mechanic employed by L3 Vertex from 2005 to 2011. (ECF 20-1157, Compl., May 13, 2020, Docket No. 1-1, at 8.) Taylor wore Combat Arms earplugs through that period, and as a result was exposed to damaging, loud sounds. (*Id.*) Taylor alleges that he did not receive instruction to fold back the third flange, and now suffers from tinnitus and hearing loss. (*Id.* at 9.)

Robert Taylor was a heavy machinery mechanic employed by AECOM who wore the Combat Arms earplugs from 2009 to 2012. (ECF 20-1161, Compl., May 13, 2020, Docket No. 1-1, at 8.) Plaintiff alleges that he did not receive proper instruction on the modified technique for wearing the earplugs, and as a result suffers from hearing loss and tinnitus caused by exposure to damaging, loud noises. (*Id.* at 9.)

Jeff Hall worked in a molding impression facility from 2003 to 2008 where he used the Combat Arms earplugs. (ECF 20-1166, Compl., May 13, 2020, Docket No. 1-1, at 8.) Hall alleges that he received no instructions to fold the earplugs back using the modified technique, and subsequently suffered tinnitus and hearing loss. (*Id.*)

Vincent Gonzalez worked in a mine owned by James Hamilton, Inc. for most of 2003, where he wore a version of the dual-ended, Combat Arms earplugs. (ECF 20-1171, Compl., May 13, 2020, Docket No. 1-1, at 8.) Plaintiff alleges that he did not receive

instruction to fold back the third flange, and now suffers from tinnitus and hearing loss. (*Id.* at 9.)

Anthony Skaalerud was a boilermaker employed by Pacific Ship Repair. (ECF 20-1175, Compl., May 13, 2020, Docket No. 1-1, at 8.) Skaalerud alleges that he wore Combat Arms earplugs while performing his duties, received no instruction to fold the flaps back, and as a result suffers from tinnitus and hearing loss. (*Id.* at 8–9.)

## II.   COMPLAINTS

All six Plaintiffs individually brought suit alleging that 3M failed to appropriately instruct them on how to use 3M's Combat Arms earplugs. 3M subsequently gave notice of removal of these actions to federal court, arguing for federal jurisdiction under the Federal Officer Removal Statute.

As in *Graves*, Plaintiffs are civilian users of commercially available 3M earplugs. Their Complaints are similar to the complaint in *Graves*, and they are very similar to each other. Per 3M, the key difference in these cases is that Plaintiffs' allegations directly assert that the earplugs were "defective," had a "dangerous design defect," and that the design defect was "imperceptible to the wearer."[1] (*See, e.g.*, ECF 20-1153, Compl. ¶¶ 1, 16, 17, 22, 28, 32, 44.) However, despite those allegations, none of Complaints allege a

---

[1] Plaintiffs' complaints, while not identical, all contain similar language, and the citations to the Trail Complaint are merely a reference.

claim for defective design.  Instead, each Complaint contains a single claim for failure to warn.

## III.    MULTIDISTRICT LITIGATION AND PROCEDURAL HISTORY

This case is one of hundreds of lawsuits against 3M, alleging injury caused by the CAEv2 earplugs.  *See In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-md-2885, 2020 WL 365617, at *1 (N.D. Fla. Jan. 22, 2020).  The lawsuits in federal court are consolidated in a multidistrict litigation (MDL) in Florida.  The parties agree that if the Court denies the Motions to Remand, these cases will very likely be transferred to the MDL.

Plaintiffs each moved to have their cases remanded to state court, arguing that the federal contractor defense that is the basis of 3M's removal does not apply to these cases. The parties have agreed that the relevant issue in each case is whether these cases can be distinguished from *Graves*.  For efficiency, the parties agreed to consolidated briefing and, accordingly, the Court considers all six cases together.

## DISCUSSION

## I.    REMAND AND THE FEDERAL OFFICERS REMOVAL STATUTE

A complaint pleading only state-law claims may nonetheless be removed to federal court under the Federal Officer Removal Statute.  *See* 28 U.S.C. § 1442(a)(1).  Relevant here is the federal government contractor defense, which shields federal contractors by preempting state tort liability for "design defects [and failure-to-warn claims] in military

equipment . . . when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment." *Boyle v. United Techs. Corp.* 487 U.S. 500, 512 (1988). "Stripped to its essentials, the military contractor's defense under *Boyle* is to claim, 'The Government made me do it.'" *In re Joint E. & S. Dist. N.Y. Asbestos Litig.*, 897 F.2d 626, 632 (2nd Cir. 1990).

The party seeking removal to federal court bears the burden of demonstrating that removal was proper, even under the Federal Officer Removal Statute. *Bor-Son Bldg. Corp. v. Heller,* 572 F.2d 174, 181 n.13 (8th Cir. 1978). Similarly, all doubts about federal jurisdiction must be resolved in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir.2007) (internal quotation omitted).

## II.   *GRAVES* AND MDL LITIGATION

Unlike all other cases considered by the MDL panel, *Graves* alleged only a state failure-to-warn claim. The MDL court had previously found that defective-design claims were covered by the federal contractor defense, because the Government was sufficiently involved in the design of the product*. In re 3M Combat Arms*, 2020 WL 365617, at *1–2. The MDL court also found that defective-design claims, paired with failure-to-warn claims, even for civilian users, were covered by the federal-contractor defense*. Id.*; *see also Graves,* 2020 WL 1333135, at *2. However, the MDL court had not

(and to date, has not) considered any cases where a civilian plaintiff does not make a defective-design claim, but instead seeks relief only for failure to warn.

In *Graves*, the Court found that 3M failed to demonstrate that the Government had any control over the commercial earplug warning label, and that 3M made no "showing that it could not comply with both its governmental requirements (if there were any at all) and Minnesota state law." *Graves,* 2020 WL 1333135, at *6. 3M demonstrated that it had voluntarily sought government advice on the commercial warnings but failed to make any showing of governmental requirements regarding warnings. *Id.* at *5–6. In short, the Court concluded that 3M failed to show that the "Government made me do it" when it came to their failure to warn Graves of the faulty earplugs. *Id.*

## III.   ISSUE PRECLUSION

3M argues that the present cases differ enough from *Graves* that their jurisdictional argument should not be precluded.

Issue preclusion can be appropriate when (1) the same party was in the original lawsuit, (2), the issue is the same as in the original lawsuit, (3) the issue was actually litigated, (4) there was a final judgment and (5) the issue was essential to the original judgment. *See Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007). The Court has "broad discretion" to determine whether offensive issue preclusion or collateral estoppel should be applied. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979). For instance, the court should not allow offensive collateral estoppel where it would be unfair to a defendant, such as where the defendant had little incentive to defend in the first suit, or

where the second action affords the defendant different procedural opportunities unavailable in the first action. *Id.* at 330–31.

3M argues that preclusion is inappropriate for two reasons: that the issues are not identical and that it would be inconsistent with a previous judgment in its favor.

### A. Design Defects

First, 3M argues that the issue is not identical to that litigated in *Graves*, because here the Plaintiffs have more directly discussed "design defects" in their Complaints.

3M is correct that allegations in Plaintiffs' Complaints do use the phrase "design defect" and otherwise discuss the design of the earplugs; however, the phrasing in the allegations is not sufficient to distinguish these cases from *Graves*. Although the **Complaints** are not identical to the complaint in *Graves*, the **issue** is identical—whether 3M may claim the federal contractor defense against a civilian plaintiff alleging only a failure-to-warn claim. That issue was resolved conclusively in *Graves*, and it is the specific issue, not the particular allegations in Plaintiffs' Complaints, that is precluded here.

3M frames the question differently and argues that Plaintiffs are attempting to litigate defective-design claims designed as failure-to-warn claims, and that the Court did not address that particular strategy in *Graves*.[2] *See Stephens v. Jessup*, 793 F.3d 941, 944

---

[2] The Court notes that although 3M now argues that, unlike the present Plaintiffs, *Graves* did not involve defective design claims disguised as failure-to-warn claims, in fact 3M made the same argument about *Graves* at the time. *See* ECF 19-3094 Mot. in Opp'n to
*(footnote continued on next page)*

(8th Cir. 2015) (denying preclusion because it was unclear that the issue in question was actually litigated.)

In Minnesota, failure-to-warn claims are distinct from design-defect claims. *Compare Tuttle v. Lorillard Tobacco Co.,* 377 F.3d 917, 924 (8th Cir. 2004) (failure-to-warn claims require that "(1) the defendants had reason to know of the dangers of using the product; (2) 'the warnings fell short of those reasonably required,' breaching the duty of care; and (3) the lack of an adequate warning caused the plaintiff's injuries." *with Thompson v. Hirano Tecseed Co*., 456 F.3d 805, 809 (8th Cir. 2006) (defective design claims require that the product "was in a defective condition unreasonably dangerous for its intended use," that "the defect existed when" the product left the maker's control, and that "the defect proximately caused [the] injury.)

The claims require different elements, and cannot readily be substituted one for another.  Merely alleging that a product was defectively designed does not create an accompanying cause of action.  Nor is defective design a required element of a failure-to-warn claim.  Thus while 3M remains fully eligible to say "the Government made me do it" as regards the design of the product, such a defense remains unavailable here, where the

---

Remand at 16, Feb. 4, 2020, Docket No. 45 (including a section heading titled "Plaintiff's Claim Is A Dressed-Up Product Defect Claim.")

design itself is not the issue, but instead only the adequacy of the commercially available product's warning.

### B. Inconsistency

3M also argues that issue preclusion is inappropriate because it would be inconsistent with previous judgments in favor of defendant. Issue preclusion is inappropriate when "the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant." *Parklane Hosiery,* 439 U.S. at 330 (footnote omitted).

3M points to two cases with similar allegations, in each of which the MDL court denied a Motion to Remand: *Pate v. 3M Co.*, No. 19-793(JRT/KMM) and *Denman v. 3M Co.*, No. 19-921 (NEB/SER). While the complaints in these cases have similar allegations to the Complaints at issue here, 3M appears to willfully ignore the key difference between *Pate* and *Denman* and the current cases. In those cases, as in many others already decided by the MDL Court, plaintiffs brought both failure-to-warn and defective-design claims. There is no question that there is federal jurisdiction over 3M earplug cases involving "design defect claims, or failure-to-warn claims paired with design defect claims." *Graves*, 2020 WL 1333135, at *2. However, as in *Graves*, design-defect claims are not made here. *Id.* at *5, n.7. Accordingly, there are no inconsistent judgments in favor of 3M, and no bar to issue preclusion.

**CONCLUSION**

Because Plaintiffs' allegations involving a defective design do not transform a failure-to-warn claim into a defective-design claim, the reasoning articulated in *Graves* applies equally to these cases. Nor is there any reason why issue preclusion is inappropriate here. Accordingly, the Court finds that 3M is precluded from asserting jurisdiction, and the Court will grant Plaintiffs' Omnibus Motion to Remand for the same reasons outlined in *Graves* – namely, that 3M cannot show that "the Government made me do it."

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motions to Remand:

    a. Trail, ECF 20-1153, Docket No. 13;

    b. Kane, ECF 20-1157, Docket No. 10;

    c. Taylor, ECF 20-1161, Docket No. 10;

    d. Hall, ECF 20-1166, Docket No. 9;

    e. Gonzales, ECF 20-1171, Docket No. 9; and

    f. Skaalerud, ECF 20-1175, Docket No. 10

are **GRANTED.**

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

-13-

DATED:  July 21, 2020                            _____
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                                             Chief Judge
                                        United States District Court